947 F.2d 940
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Rodgers BURNLEY, Plaintiff-Appellant,
v.
William W. ESKRIDGE; James P. Jones; John B. Hemmings;
Stephen M. Hodges; W. Challen Walling; Wade W. Massie;
Daniel H. Caldwell; Michael F. Blair; William M. Moffet;
Mark L. Esposito; Elizabeth A. McClanhan; Timothy W.
Gresham; B.L. Conway, II; Monroe Jamison, Jr.; H. Ashby
Dickerson; Byrum L. Geisler; M. Jill Morgan; Kenneth D.
Hale; Richard E. Ladd, Jr.; W. Bradford Stallard; Joseph
B. Lyle; Ramesh Murthy; G.R.C. Stuart, Defendants-Appellees.
 No. 91-6606.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 16, 1991.
Decided Nov. 7, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-91-431-R)
 John Rodgers Burnley, appellant pro se.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Rodgers Burnley appeals from the district court's order dismissing as frivolous, under 28 U.S.C. § 1915(d), his civil action commenced under 42 U.S.C. § 1983. We affirm.
 
 
 2
 The substance of Burnley's complaint was that the members of a law firm employed to represent defendant-employees of Bland Correctional Center in other civil actions Burnley has commenced sent him (Burnley) legal mail in envelopes that did not clearly disclose that the correspondence within came from a law firm. As a result of the allegedly misleading return addresses on the envelopes, correctional center personnel opened Burnley's legal mail in his absence.
 
 
 3
 The district court found that the members of the law firm were not acting under color of state law and, thus, were not subject to suit under § 1983. Because the record does not show the relationship between the state and this law firm, specifically whether the state employed this firm to represent the defendant-employees, we have assumed that the law firm members were acting under color of state law. Nevertheless, Burnley's complaint fails because he has no right to demand a proper return address notation on his legal mail. Also, his complaint alleges no harm from the opening of his legal mail. There being no arguable legal basis in support of Burnley's complaint, the district court did not abuse its discretion in dismissing Burnley's civil action.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.